| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | MIRANDA KANE (CABN 150630)<br>Chief, Criminal Division |
| 4 | ANDREW P. CAPUTO (CABN 203655)<br>Assistant United States Attorney |
| 5 |    450 Golden Gate Ave., Box 36055<br>   San Francisco, California 94102 |
| 6 |    Telephone: (415) 436-7200<br>   Fax: (415) 436-7234 |
| 7 |    E-Mail: andrew.caputo@usdoj.gov |
| 8 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 13-0145 YGR |
| Plaintiff, | ) ) | STIPULATION REQUESTING AMENDED PROTECTIVE ORDER, AND ORDER |
| v. | ) ) | |
| MATTHEW AARON LLANEZA, | ) ) | |
| Defendant. | ) ) | |

The parties respectfully stipulate as follows:

1. The United States wishes to turn over discovery materials in this matter to counsel for defendant Matthew Aaron Llaneza. These materials include information that could compromise government sources and investigative methods if it were released publicly. Accordingly, the United States respectfully asks the Court to enter the protective order set forth below.

2. Defendant's counsel stipulates to entry of the proposed protective order set forth below.

///

STIP. REQUESTING AMENDED PROTECTIVE ORDER, AND ORDER
CR 13-0145 YGR

3. Accordingly, the parties respectfully ask the Court to enter the proposed protective order set forth below.

DATED: March 8, 2013 _____/s/_____
JEROME MATTHEWS
Attorney for Defendant


DATED: March 8, 2013 _____/s/_____
ANDREW P. CAPUTO
Assistant United States Attorney

## AMENDED PROTECTIVE ORDER

The United States has moved for a protective order limiting the use of discovery materials in this case. Good cause having been shown, **IT IS HEREBY ORDERED THAT**:

1. The contents of the discovery materials produced by the United States to the defendant in this case (discovery materials) shall not be disclosed in any form to any other person by defense counsel except to members of defendant's trial team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, secretarial staff, and experts retained to assist in the preparation of the defense), and then only for the specific purposes relating to defending the client in this case.

2. Unless expressly authorized by this Court, no information derived from the discovery materials which are the subject of this order may be disclosed to any individual or entity for any other use.

3. Neither the United States nor defendant's trial team shall disclose the actual or cover names of any undercover government employee or government source involved in this case at any time, including in any public court filing or hearing in open court.

4. The defendant's trial team shall store and maintain custody of the discovery materials, and any materials derivative of the discovery materials, in a secure place and use reasonable care to ensure that these materials are not disclosed to third persons in violation of this Protective Order.

5. Each of the individuals to whom disclosure of discovery materials is made shall be provided a copy of this Protective Order, and will be advised that he or she shall not further disseminate the discovery materials except by the express direction of counsel of record or co-counsel in this matter.

6. Each individual to whom such disclosure is made shall review this Protective Order and defense counsel shall keep a record of those to whom disclosure is made.

7. Defense counsel shall notify the United States if anyone on the defendant's trial team makes copies of any of the audio or video recordings produced to the defense by the United States in this case, as well as the number of copies made of any particular recording. At the conclusion of this criminal matter, defense counsel shall return to the United States all discovery materials and any copies thereof. Defense counsel shall destroy any material that is derivative of the discovery material other than attorney work product.

8. Nothing in paragraph seven (7) shall be construed to prohibit the defendant's trial team from uploading the discovery materials to an office computer network provided that: 1) those persons on the defendant's trial team having access to the files containing the discovery materials have read this Protective Order; and, 2) all copies of the discovery materials are deleted from the computer network at the conclusion of this matter.

9. A willful violation of this Protective Order shall constitute criminal contempt of Court for which sanctions are provided by law. The parties who agree to receive information subject to this Order agree that this Court has jurisdiction to enter this Order.

10. The Protective Order entered in this case on February 21, 2013 is hereby vacated.

Dated: March 12, 2013

_____
YVONNE GONZALEZ ROGERS
United States District Judge